[Civ. No. 2568. Second Appellate District, Division One.—January 28, 1919.]

# HENRY HEROLD, Appellant, v. P. H. MATHEWS PAINT HOUSE (a Corporation), Respondent.

NEGLIGENCE—ACTION FOR DAMAGES FOR DEATH—MASTER AND SERVANT—AUTHORITY OF SERVANT TO ADMIT VISITOR.—In this action for damages for the death of plaintiff's wife, who was killed by falling through an elevator shaft, while visiting her husband at defendant's premises, where he was employed, the evidence shows that an employee of the defendant, who took the place of defendant's store manager when the latter was absent, had authority to admit the deceased to the premises for the purpose for which she came there, and was also authorized to place her in charge of another employee for the purpose of taking her up in the elevator.

ID.—LICENSOR'S LIABILITY FOR INJURY TO LICENSEE.—The rule that a mere licensee cannot recover for injuries caused solely by the unsafe condition of the licensor's premises does not apply to a case where the licensee is upon the premises of a defendant and is injured by an overt act of negligence committed against him by the owner of the premises. In such case the licensor is responsible.

ID.—ACTIVE NEGLIGENCE—QUESTION FOR JURY.—In the case at bar the trial court in determining as matter of law that the acts of the employees and their failure to warn the deceased did not constitute negligence of an active or overt character erred. Upon the evidence presented the plaintiff was entitled to have the question of defendant's negligence determined by the verdict of the jury under suitable instructions.

ID.—CONTRIBUTORY NEGLIGENCE.—In the case at bar it does not appear from the facts that the deceased was guilty of contributory negligence.

ID.—EVIDENCE—ERROR IN DIRECTING VERDICT FOR DEFENDANT.—Under the evidence in the present case the trial court was not justified in directing a verdict for the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Reversed.

The facts are stated in the opinion of the court.

E. B. Drake for Appellant.

Bradner W. Lee, Gibson, Dunn & Crutcher and Norman S. Sterry for Respondent.

CONREY, P. J.—This is an action wherein the plaintiff seeks to recover damages on account of the death of his wife, Bertha C. Herold, through injuries alleged to have been caused by negligence of the defendant. By direction of the court the jury rendered a verdict in favor of the defendant. The plaintiff appeals from the judgment rendered on that verdict.

The defendant was in possession of a four-story building upon the fourth floor of which it maintained a factory. The ground floor was used partly as a warehouse and partly as a retail store. In that part used as a warehouse, which was the rear part of the first floor, there was an elevator running from the basement to the fourth floor. This was a freight elevator, and was moved from floor to floor as the business of the defendant required. It was also customarily used by the employees of the defendant and by such other persons as were permitted to have access to the upper floors. The elevator-well was guarded by a gate. In order to bring the elevator to the floor it was necessary to raise the gate. There was sufficient light so that one could see clearly after one's eyes became accustomed to the light; but a person coming from the bright street and going back to the portion of the store where the elevator was would have to remain from three to five minutes before his eyes would become accustomed to the light. The defendant had near its elevator-well a drop-light, which was burning while defendant's stock clerk was at

work and which was usually turned off during the noon hour. This light, when burning, did not assist any person coming suddenly from the street into the storeroom; as to such person the light made a blur, as does a light in a fog, so that a person coming from the street would have to remain until his eyes became accustomed to the light. The only practical way by which a person could go from the storeroom of defendant's building to the fourth floor was by the elevator. The plaintiff was superintendent of defendant's paint factory and his place of employment was on the fourth floor.

Pursuant to an arrangement made between the deceased and her husband, she came to see him at the defendant's place of business shortly after noon of the day of the accident. The object of her visit had no relation to the business of the defendant.

Mr. P. H. Mathews was president and general manager of defendant company. James Stone was manager of the store; that is, he was in charge of selling goods on that floor and customarily gave orders to the other employees in the store, and sometimes in the factory and warehouse, about such things as he wanted to have done. If Mr. Stone was absent his place was taken by William Brady, another employee of defendant. E. L. Boehme was an employee subordinate to Stone. On several occasions prior to the day of the accident Mrs. Herold had visited the plaintiff at the same place of business. On one of those occasions Mr. Stone took her up in the elevator, and on one or two other occasions he instructed other employees to take her up. Mr. Mathews had seen her in the store on one occasion, but it does not appear that he knew that she was taken up in the elevator. No other officer of the company knew that she had ever visited that place of business. Customers of the defendant were not usually taken up to the factory, although that was done on rare occasions.

When Mrs. Herold came into the store on the day of the accident Mr. Mathews and Mr. Stone were absent. Mr. Brady and Mr. Boehme were in the store. Mrs. Herold asked Brady if she could see Mr. Herold. Brady answered in the affirmative, and told Boehme to take her up in the elevator. The electric light near the elevator was not burning at that time. She followed Boehme back toward the elevator. Boehme threw up the gate and reached in and pulled

on the cable which was used to raise and lower the elevator. The elevator at that time was at a floor above. Boehme did not tell Mrs. Herold that the elevator was not there—that it was not at the level of the floor. Just as he reached for the rope she stepped past him through the doorway and fell to the basement.

From the foregoing, which are the principal facts of the case, it must be determined whether or not the court was justified in directing a verdict in favor of the defendant. The defendant joined issue on the main allegations of the complaint relating to the transaction, and also pleaded affirmatively that Mrs. Herold was guilty of contributory negligence.

It is contended by appellant that at the time and place when his wife fell into the elevator shaft she was an invited guest of the defendant and not there merely by license; and that whether she be regarded as a person present by invitation or only as a licensee of defendant, yet at all events, since she was on the part of the premises to which defendant's employees had directed her to go, the plaintiff may recover for any damages resulting from her death by the active negligence or an overt act of negligence of the defendant, though it might be held the same was neither willful nor wanton. Respondent, on the other hand, contends that the deceased was a mere licensee upon the premises of the defendant, to whom defendant owed no other duty than refraining from inflicting wanton or intentional injury; that Mr. Brady, in granting deceased's request for permission to see her husband and in requesting Boehme to take her in the elevator, did not impliedly or expressly invite her, either for himself or for his employer, to use the elevator or enter the defendant's premises; that Brady did not have express or any other authority from the defendant to extend invitations on behalf of the defendant to strangers to use the premises of the defendant for business purely personal to themselves; that the defendant owed no duty to her, except to refrain from inflicting on her wanton or willful injury.

For the purposes of the discussion we shall assume, without deciding, that throughout the transaction in question the relation between Mrs. Herold and the defendant was only that of licensee and licensor. We think that under the facts shown by the evidence Mr. Brady represented the defendant

as the person in charge of the premises, and that his authority extended at least so far that he had the right to admit Mrs. Herold to the premises for the purpose which brought her there.   In view of the fact that she could not go to her husband without using the elevator, and in view of the uses to which the elevator was put whenever visitors were allowed access to the upper floors, we think that Brady was also authorized to place Mrs. Herold in charge of another employee for the purpose of taking her up in the elevator.   We readily concede that a mere licensee cannot recover where the injuries are caused solely by reason of the unsafe condition of the premises, and without any active or overt act of negligence committed against him by the occupant or owner of the premises.   That rule, however, does not apply to a case where the licensee is upon the premises of a defendant and is injured by an overt act of negligence committed against him by the defendant.   Where the injury results from such an act the licensor is responsible.   The rule was clearly stated by the first district court of appeal in *Lucas* v. *Walker,* 22 Cal. App. 296, [134 Pac. 374].   A rehearing in that case was asked for, but was denied by the supreme court.   In that decision, at page 302, [22 Cal. App.], the court quoted with approval from the case of *Pomponio* v. *New York etc. R. Co.,* 66 Conn. 528, [50 Am. St. Rep. 124, 32 L. R. A. 530, 34 Atl. 491], as follows: "But while this is so, it is also true that the landowner must not himself, by what has been called 'his own active negligence,' injure either the licensee or the party invited, while they are upon his land.   This is a duty due to both equally.   Toward both, in this respect, he is bound to exercise the same amount of care.   Both are upon his premises not as wrongdoers, but by his permission, and in respect to the duty in question we know of no good reason why the nature and extent of it should not be the same in cases of license as in cases of invitation."   In the case at bar, upon the evidence presented, we think that the plaintiff was entitled to have the question of defendant's negligence determined by the verdict of the jury under instructions given in harmony with the rule above stated.   Under that evidence the court was in error when it determined, as matter of law, that the acts of Brady and Boehme, taken together with the failure to give warning to Mrs. Herold, did not constitute negligence of an active or overt character within the meaning

of the rule above stated, and that the defendant could not be held responsible therefor. We do not agree that Boehme's failure to warn the deceased of possible danger was merely passive negligence upon his part. Although passive or negative in itself, it may reasonably be considered as part of the overt act of raising the gate, which the jury might have found, under the evidence, was done in such manner as to constitute an implied suggestion to Mrs. Herold that she might safely enter upon the elevator.

Respondent contends that the court must necessarily have concluded from the evidence that Mrs. Herold was guilty of contributory negligence directly and proximately causing the accident; and that the case is governed by the rule announced in *Kauffman* v. *Machin Shirt Co.*, 167 Cal. 506, [140 Pac. 15]. In that action the plaintiff sued for damages for the death of her son, caused by a fall down an elevator shaft. While acting as messenger for his employers to deliver a package to a lessee of the fourth floor of the building, the boy entered the elevator and transported himself to the fourth floor. This was in accordance with the practice of the defendant, who permitted and expected messengers and employees of customers having business in the building to use the elevator. On reaching the fourth floor the boy found the door to the elevator shaft open and unfastened. He pushed it open about a foot, stepped into the hall, walked to the establishment of the Machin Shirt Company, and returned to the door of the elevator shaft not more than one minute after he had merged from the elevator. To all appearances the door and the platform were in the same condition that he had left them; but someone had moved the elevator to another floor. Believing that no change had occurred, the boy stepped into the shaft and fell. The court held that the accident was caused by his contributory negligence. There was no statement that he looked, or that if he had looked there was any physical reason why he could not have seen that the elevator had been moved. In the absence of any such showing, the court assumed that to look was to see, and that if he had looked he must have noticed the danger. The rule was applied that, while ordinarily the question of negligence is one largely of fact for the consideration of the jury, yet that where the standard of conduct required of persons under given circumstances has been plainly neglected by the person

seeking relief, it then becomes a question of law.   Admitting all that was determined in that decision, it does not, as matter of law, appear from the facts in the present case that Mrs. Herold was guilty of contributory negligence.   Conceding for the purposes of the argument that she was only a licensee, the evidence shows that she was not left alone and on her own responsibility to find her way.   The jury might well have found from the evidence that the acts of the defendant's employees constituted a representation to her that it was safe to enter the elevator, and might have found, also, that the condition with respect to light at that time and place was such that she might have looked with reasonable care and yet might not have seen the danger.

We think that the allegations of the complaint were sufficient to constitute a cause of action, and that under the evidence the court was not justified in ordering the jury to return a verdict in favor of the defendant.

The judgment is reversed.

James, J., and Myers, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 27, 1919.

All the Justices concurred.