[Civ. No. 1457.   Fourth Appellate District.—March 19, 1934.]

HARRY H. HALL, Appellant, v. SOUTHERN CALIFORNIA EDISON COMPANY, LTD. (a Corporation), et al., Respondents.

Harold A. McCabe for Appellant.

Roy V. Reppy and E. W. Cunningham for Respondent Southern California Edison Company, Ltd.

Launer & Thompson and Albert Launer for Respondents Little.

JENNINGS, J.—Plaintiff instituted this action to recover compensatory damages for personal injuries alleged to have been caused by the negligence of defendants. Upon the trial of the action plaintiff presented evidence tending to sustain the allegations of his complaint and rested his case.

The defendants thereupon moved the court for a nonsuit, which was granted. Judgment in favor of defendants was rendered. Plaintiff thereafter moved for a new trial, which motion was denied, and he has now appealed from the judgment and from the court's order denying the motion for a new trial.

The record discloses that the following facts were shown by the evidence submitted during the trial: On August 27, 1931, the defendants, E. H. Little and Merton Little, were in possession of a tract of land comprising 6.84 acres in Orange County. On this tract of land was a small pump-house containing a pump which was operated by electricity. The power used in the operation of the pump was furnished by the defendant, Southern California Edison Company. This company had erected a pole on the premises which were in the possession of the Littles. The pole was located a short distance from the pump-house and from it wires which transmitted electrical energy extended to the pump-house. The Southern California Edison Company owned the pole and wires which were employed as aforesaid in furnishing power for the operation of the pump, and were permitted by their co-defendants, the Littles, to maintain the pole on the land which was in the possession of said co-defendants. Some time prior to August 27, 1931, the defendant E. H. Little decided that he would dismantle the pump-house and move the pump to another location. Since the accomplishment of this program necessitated disconnecting the power-conveying wires from the pump-house, E. H. Little went to the office of the Southern California Edison Company and informed this company of his intention to dismantle the pump-house and to move the pump. He then inquired if the company "would make the change" for him and was informed that if he had the starting switch and equipment moved to a new location the company would make the change of wires for him. The defendant E. H. Little thereupon engaged one J. G. Jenks, an electrical contractor, to perform the work of disconnecting the electrical power from the pump-house. The plaintiff Harry H. Hall was an employee of J. G. Jenks and was requested by his employer to go to the Little premises and do the work. Upon arriving at the pump-house and learning what was desired, the plaintiff decided to ascend the pole and to cut the

wires which conveyed the power to the pump-house at a point close to the pole. His reason for pursuing this plan was that thereby live wires would not be left lying on the ground. The plaintiff thereupon attempted to shake the pole and, finding that it appeared to be solid, he ascended. Immediately after the wires were severed the pole fell to the ground and plaintiff sustained injuries to compensate for which he sought to recover damages by the institution of the present action. It was discovered that the reason for the pole falling was that it had become partially decayed and broke off at a point approximately six inches beneath the surface of the ground. Until the wires running to the pump-house were cut by plaintiff the pole was supported by three sets of wires of practically equal weight extending from it at approximately equal angles. When plaintiff cut the wires which extended to the pump-house this condition no longer existed and the pole broke and fell.

It is appellant's position that the trial court improperly granted a nonsuit both as to the respondent Southern California Edison Company and as to respondents E. H. Little and Merton Little. ▮ In this connection, it must be borne in mind that since we are here considering an appeal which has been taken from a judgment of nonsuit, every inference of fact and intendment of law must be liberally construed in favor of sustaining the case made by appellant to the end that the cause may be determined on its merits (*Coakley* v. *Ajuria*, 209 Cal. 745 [290 Pac. 33] ; *Hargrove* v. *Henderson*, 108 Cal. App. 667 [292 Pac. 148]). It will be proper first to consider appellant's claim that the evidence which developed the above narrated facts was sufficient to fasten upon the Edison Company liability for the injuries sustained by him through the breaking of the pole and that the court therefore erred in granting the motion of the Edison Company for a nonsuit.

In giving consideration to this contention, it should be observed at the outset that the primary question presented is whether, in view of the establishment of the above-mentioned facts, the Edison Company could, as a matter of law, be guilty of negligence.

▮ It is fundamental that negligence can exist only if there is some duty or obligation which must be performed by the party charged with negligence in favor of the injured

party (*Schmidt* v. *Bauer*, 80 Cal. 565, 568 [22 Pac. 256, 5 L. R. A. 280]; *Jacobson* v. *Northwestern Pacific R. R. Co.*, 175 Cal. 468, 472 [166 Pac. 3]; *Smelser* v. *Deutsche Evangelische, etc.*, 88 Cal. App. 469, 475 [263 Pac. 838]). In other words, the party charged with lack of due care cannot be said to be negligent as to the injured party unless it appears that the party charged owed to the injured party a duty of care (*Dahms* v. *General Elevator Co.*, 214 Cal. 733, 737 [7 Pac. (2d) 1013]).

▇ It is also settled that the owner of property owes to a trespasser or licensee no duty to keep the premises in safe condition (*Grundel* v. *Union Iron Works*, 141 Cal. 564, 566 [75 Pac. 184]; *Means* v. *Southern California Ry. Co.*, 144 Cal. 473 [77 Pac. 1001, 1 Ann. Cas. 206]; *Giannini* v. *Campodonico*, 176 Cal. 548, 550 [169 Pac. 80]; *Roberts* v. *Pacific Gas & Electric Co.*, 102 Cal. App. 422, 429 [283 Pac. 353]; *Brust* v. *C. J. Kubach Co.*, 130 Cal. App. 152 [19 Pac. (2d) 845]). The only duty which the owner of property owes to a trespasser or licensee is to abstain from wilful or wanton injury (*Giannini* v. *Campodonico, supra*). On the other hand, the property owner owes to an invitee the duty to keep the premises in safe condition. It becomes important, therefore, to determine whether from the facts which were developed by the evidence, it can be said that a jury could have properly found that appellant was an invitee.

We think that it must be conceded that as to the Southern California Edison Company appellant had not been expressly invited to enter upon their property. There is no evidence which in the slightest degree indicates that there was an express invitation. ▇ However, it must also be conceded that it is not essential that there was an express invitation by the Edison Company to appellant in order that it may be said that appellant was an invitee. It is sufficient if it may fairly be declared that the evidence discloses that there was an implied invitation (*Aguilar* v. *Riverdale C. C. Assn.*, 104 Cal. App. 263 [285 Pac. 889]). The existence of an implied invitation depends, in the final analysis, on the nature of the business which brought appellant upon the premises of the Edison Company. ▇ Appellant contends that his purpose in ascending the pole, which was the property of the Edison Company, was one which was of mutual

benefit to himself and the company. It is argued that it was of benefit to him because he would receive remuneration for doing the work in which he was engaged and of benefit to the Edison Company because by the accomplishment of this work the Edison Company would be enabled to continue the sale of electric energy to a satisfied customer. The contention is ingenious but not impelling. The work upon which appellant was engaged cannot fairly be said to have been beneficial to the Edison Company. It was beneficial to the Littles because they desired to change the location of the pump and they had procured appellant to perform the work which was necessary to be done to effect this change of location. The Edison Company was not at all interested in the proposed change of location of the pump. There was no contractual relation between the Edison Company and appellant or appellant's employer. We think, therefore, that the evidence clearly indicated that appellant entered upon the property of the Edison Company for purposes of his own and of the Littles and that the work in which appellant was engaged at the time the injury occurred bore no relation to the business of the Edison Company, owner of the pole (*Aguilar* v. *Riverdale C. C. Assn.*, *supra*). It follows that the trial court's action in granting the nonsuit as to respondent Southern California Edison Company was correct and must be sustained.

We are also of the opinion that the court's action in granting the motion of respondents E. H. Little and Merton Little for a nonsuit was correct. Although appellant was an invitee on the premises of these respondents, no evidence was produced which showed that the Littles knew that the pole was unsafe. Nor do we think that it may fairly be said that these respondents owed to appellant the duty of discovering the hidden defect which caused the pole to break. The evidence, therefore, entirely failed to disclose that these respondents were guilty of negligence in any respect.

For the reasons stated the judgment and order from which this appeal was taken are affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 17, 1934.