[Civ. No. 9429. First Appellate District, Division One.—May 29, 1935.]

MARY BRIZZOLARI, etc., et al., Respondents, v. MARKET STREET RAILWAY COMPANY (a Corporation), Appellant.

William M. Abbott, Walter H. Linforth and William M. Cannon for Appellant.

J. E. McCurdy and F. E. Hoffmann for Respondents.

DOOLING, J., *pro tem.*—This is an appeal by defendant from a judgment for personal injuries following the verdict of a jury.

At the close of plaintiffs' case defendant moved for a nonsuit which was denied. The order denying this motion is assigned as error. This assignment and the second made in appellant's brief, that there is no evidence tending to show that defendant was guilty of any negligence which proximately contributed to the accident in question, may appropriately be considered together. In so considering them we will follow the established practice of stating the evidence most favorable to respondents.

At the time of the accident involved herein Mary Brizzolari, the minor plaintiff, was seven years old. In company with a girl companion aged nine years, she boarded a street car operated by appellant at South Lomita Park to go to her home from school. She and her companion had books of commutation tickets which entitled them to ride beyond their destination, which was Millbrae Park. The two little girls each gave the conductor a ticket from these books and Mary told the conductor that they wished to get off at Millbrae Park. The children took seats in the rear compartment of the car and the conductor proceeded to collect fares from other passengers. As the car approached Millbrae Park Mary pressed the buzzer to signal the motorman to stop and the two children left their seats and went to the rear exit of the car. Mary was carrying a lunch basket and her school books in one hand. With the other she grasped the upright bar by the rear steps. The car did not stop or slacken speed and as it was passing Millbrae Park station Mary's hand slipped from the bar and she fell from the car and was injured.

■ It is settled law that a carrier owes a greater *quantum* of care to a child of tender years accepted by it as a passenger than it would to an adult. (10 C. J., p. 898; 4 R. C. L., p. 1161.) This is but a special application to carriers of the general rule of the law of negligence, recognized in California, and stated in 19 Cal. Jur., page 623, in the following language:

"As has been seen, a child of immature years is expected to exercise only such care and self-restraint as pertains to childhood. A reasonable person is expected to know this and to govern his actions accordingly, so that when a child liable to be injured cannot be expected to exercise the usual *quantum* of care, a greater amount of caution is necessary on the part of the one whose act might cause injury."

Many cases on the subject of the *quantum* of care owed by carriers to children riding on their conveyances are collected in a note in 28 American Law Reports at page 1035. They illustrate the application of the rule that a carrier must take greater care for the safety of small children than of other passengers to a wide variety of circumstances. In the recent case of *Shannon* v. *Central-Gaither U. School Dist.,* 133 Cal. App. 124 [23 Pac. (2d) 769], the court considered the liability of defendant to a ten year old boy who was a passenger in a school bus. The driver of the bus stopped the bus on the opposite side of the road from the boy's home and permitted the boy to alight there without warning him of the danger from oncoming automobiles. The boy ran heedlessly across the road and was struck by an automobile and injured. In affirming a judgment against the school district the court said:

"It is ordinarily necessary to exercise greater care for the protection and safety of young children than for an adult person who possesses normal and mature faculties. One should anticipate thoughtlessness and impulsiveness in the conduct of a young child. In *Victory Sparkler & Specialty Co.* v. *Latimer,* 53 Fed. (2d) 3, it is said: 'One dealing with children must anticipate ordinary behavior of children.'"

In at least four cases from other jurisdictions carriers have been held liable for injuries received by children in jumping from moving cars, in fright or excitement, as they were being negligently carried past their destinations. (*Kruger* v. *Omaha etc. Ry. Co.,* 80 Neb. 490 [114 N. W. 571, 127 Am. St.

Rep. 786, 17 L. R. A. (N. S.) 101]; *Avey* v. *Galveston etc. Ry. Co.*, 81 Tex. 243 [16 S. W. 1015, 26 Am. St. Rep. 809]; *Martin* v. *Southern Ry. Co.*, 77 S. C. 370 [58 S. E. 3, 122 Am. St. Rep. 574]; *Hemmingway* v. *Chicago etc. Ry. Co.*, 72 Wis. 42 [37 N. W. 804, 7 Am. St. Rep. 823].)

We need not go so far as the courts did in the four last-cited cases in order to sustain the judgment here, because in the case before us the trial court specifically instructed the jury that it could not return a verdict for plaintiffs if it found that the injured girl jumped or stepped from the moving car. We must assume in view of these instructions that the jury found, in accordance with her testimony, that her hand slipped and she fell. But these cases are in point on the questions of negligence and proximate cause. They proceed upon the theory that it is negligence for a carrier to pass the destination of a youthful passenger, without warning the child or taking any steps for its safety, and that since the employees of the carrier might reasonably foresee that a child would attempt to jump from the moving vehicle, under such circumstances their negligent conduct is the proximate cause of the resulting injury. This accords with the definition of proximate cause in *Katz* v. *Helbing*, 215 Cal. 449, 451 [10 Pac. (2d) 1001]: " . . . the acts of a defendant are deemed the proximate cause of such consequences as a reasonably prudent man would anticipate as likely to result therefrom."

Under the facts of this case the jury might well conclude that as a man of ordinary prudence the conductor, after being advised by the little girls that they wished to alight at Millbrae Park, should have foreseen that they might approach the steps on nearing that station, and that if the car did not stop, in view of their extreme youth, one or both of them might fall from the car. Under such circumstances the jury would be entitled to find that in failing to stop the car as requested or to take any steps to protect the children as the car approached their station the carrier was guilty of negligence, and that such negligence was the proximate cause of the little girl's injuries.

The trial court gave the following instruction: "Carriers of passengers are liable for injuries caused from the slightest neglect of duty of the agents in charge of the carrier. Such agents are held to extraordinary diligence and

care. In case of injury the presumption *prima facie* is that it occurred by the negligence of the carrier. The burden is on the carrier to overcome such *prima facie* showing and to show that the injury was sustained without any negligence on its part.''

It was error for the court to charge that ''in case of injury the presumption *prima facie* is that it occurred by the negligence of the carrier''. (*Steele* v. *Pacific Electric Ry. Co.*, 168 Cal. 375 [143 Pac. 718] ; *Graff* v. *United Railroads*, 178 Cal. 171 [172 Pac. 603] ; *Gray* v. *Los Angeles Ry. Corp.*, 69 Cal. App. 123 [230 Pac. 970].) In order for the doctrine of *res ipsa loquitur* to apply, in addition to the injury to the passenger, it must be shown that such injury was proximately caused by something done by the carrier in the operation of the car. However, it remains to determine whether the error in giving such instruction was prejudicial under the facts of this case.

The case went to the jury on conflicting evidence which covered completely all the circumstances surrounding the accident. The important questions were: Did, or did not, the injured child tell the conductor that she wished to get off at Millbrae Park; did, or did not, she press the buzzer to signal the motorman to stop the car; did she fall from the car or did she step or jump from it ? On all of these questions there was explicit evidence from which the jury could have found the fact either way.

On the first two questions the jury was instructed: ''It is, however, for the jury to determine whether the carrier was informed by the passenger or knew her intended destination and whether it was negligent in respect to affording her an opportunity to alight, and that its negligence, if any, was the proximate cause of the injury sustained.''

On the third question the jury was expressly instructed, perhaps more favorably than was appellant's right, that if they found that the child stepped or jumped from the car they must bring in a verdict for appellant.

Of a somewhat similar instruction, ''that the law presumes that plaintiff, at the time in question here, took ordinary care of his own concerns'', our Supreme Court said, in *Rogers* v. *Interstate Transit Co.*, 212 Cal. 36, 39 [297 Pac. 884], after holding the instruction erroneous under the state of the evidence:

"We question, however, whether this error was of so serious a nature as to justify a reversal of the judgment of the trial court. As already stated, the plaintiff and other witnesses produced by him, including the occupants of his car, testified in detail as to plaintiff's acts and conduct just prior to and at the time of the collision. Witnesses produced by the defendant gave their version of the collision, in which they testified as to the acts and conduct of the plaintiff in connection therewith. In the face of this direct and positive evidence it is hardly conceivable that the jury would have placed any great reliance, if any reliance at all, on any presumption as to plaintiff's conduct, even though they were told by the court that they might do so. In other instructions, and particularly in defendant's instructions No. 20 and No. 27, the attention of the jury was expressly directed to the evidence in this case, and they were instructed that they could not find a verdict in plaintiff's favor unless they found from said evidence that plaintiff was in nowise guilty of negligence which proximately contributed to said accident. Taking the instructions as a whole, we are satisfied the jury could not have been misled by the one complained of and which contained the reference to the presumption that the plaintiff took ordinary care of his own concerns."

The language just quoted very aptly fits the facts of this case. The evidence was full and conflicting, many of the instructions were expressly directed to this evidence and the jury were told repeatedly that they could not find for plaintiffs unless they found defendant negligent from a preponderance of this evidence. In the face of this positive and conflicting evidence and the other instructions of the court, we cannot believe that the jury placed any reliance upon the presumption stated in this challenged instruction.

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 28, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 25, 1935.