[Civ. No. 20486.   Second Dist., Div. Two.   Feb. 14, 1955.]

JANET SABA, a Minor, etc., Appellant, v. HARRY E. JACOBS et al., Respondents.

George D. Sphier for Appellant.

Thomas P. Menzies and James O. White, Jr. for Respondents.

McCOMB, J.—From a judgment in favor of defendants predicated upon the sustaining of their demurrer without leave to amend, in an action to recover damages for personal injury, plaintiff appeals.

*Facts*: In an amended complaint plaintiff alleged as follows:

"(1) That on August 12, 1952, plaintiff, a minor six (6) years of age, was on the property owned by the defendants, and upon which the defendants resided, at the invitation of the defendants and with their express permission, knowledge and consent.

"(2) That for some time previous to August 12, 1952 the defendants placed and maintained a ladder which extended from the back yard of the premises up to and against the roof of the garage on said premises, within easy reach of the minor plaintiff.

"(3) That at all times the defendants were aware that minor plaintiff was playing around and on said ladder and that the defendants failed to warn minor plaintiff of the danger and failed to instruct minor plaintiff to cease playing around and on said ladder and further failed to remove said ladder from its position.

"(4) That on said August 12, 1952 minor plaintiff, while playing and climbing on said ladder, jumped or fell therefrom, suffering a broken leg.

"(5) That the injuries were directly and proximately caused by the carelessness and negligence of the defendants as aforesaid."

The demurrer was sustained by the trial court without leave to amend.

Question: *Did the complaint as amended allege a cause of action?*

*No.* The following rules are here applicable:

1. The owner of premises assumes no duty to one who is on his premises by permission only, and is a mere licensee, except that while on the premises no wanton or wilful injury shall be inflicted on him by the owner of the premises or his agent. (*Fisher* v. *General Petroleum Corp.*, 123 Cal.App. 2d 770, 777 [5] [267 P.2d 841], hearing denied by the Supreme Court; *Ward* v. *Oakley Co.*, 125 Cal.App.2d 840, 844 [1] [271 P.2d 536]; *Palmquist* v. *Mercer*, 43 Cal.2d 92, 102 [272 P.2d 26].)

2. A mere social visitor conferring no benefit on his invitor other than an intangible social benefit is not entitled to a duty of care higher than that owing to a gratuitous licensee. (*Cf. Edwards* v. *Hollywood Canteen*, 27 Cal.2d 802, 809 [167 P.2d 729].)

Applying the foregoing rules to the facts of the instant case it is clear that plaintiff has failed to allege in her pleading that defendants breached any duty they owed to her. Plaintiff was a mere social visitor, conferring no benefit upon defendants and there is a total absence of any allegation that defendants or either of them wantonly or wilfully injured the minor.

Plaintiff concedes in her brief that the doctrine of attractive nuisance is inapplicable. Therefore we need not discuss such subject.

The rule stated in section ·339 of the Restatement of Torts has no application to the facts of this case. The rule announced in section 342, volume 2, Restatement of Torts, (1934), page 932, is not, so far as it pertains to licensees, the law in California. ■ In any event in the note accompanying the Restatement of the Law, section 339(b), page 922, it is said:

''It does not extend to those conditions the existence of which is obvious even to children and the risk of which is fully realized by them. This limitation of the possessor's liability to conditions dangerous to children, because of their inability to appreciate their surroundings or to realize the risk involved therein, frees the possessor of land from the danger of liability to which he would otherwise be subjected by maintaining on the land the normal, necessary and usual implements which are essential to its normal use but which reckless children can use to their harm in a spirit of bravado or to gratify some other childish desire and with as full a perception of the risks which they are running as though they were adults.''

The foregoing statement clearly shows that section 339 of the Restatement of the Law of Torts was not intended to apply to facts such as are alleged in this case. ■ It has likewise been held that a high ladder is not an uncommon danger or of such nature that reasonably prudent men would not keep one unguarded upon premises frequented by children. (See *Neal* v. *Home Building, Inc.*, 232 Ind. 160 [111 N.E. 2d 280].)

*Brizzolari* v. *Market Street Ry. Co.*, 7 Cal.App.2d 246 [46 P.2d 783], *Cambou* v. *Marty*, 98 Cal.App. 598 [277 P. 365], *Crane* v. *Smith*, 23 Cal.2d 288 [144 P.2d 356], *Roberts* v. *Del Monte Properties Co.*, 111 Cal.App.2d 69 [243 P.2d 914] and *Shannon* v. *Central-Gaither U. School Dist.*, 133 Cal.App. 124

[23 P.2d 769], relied on by plaintiffs, are all factually distinguishable from the present case.

*Brizzolari* v. *Market Street Ry. Co.*, *supra*, was an action by a passenger for hire against a carrier of passengers. It is unnecessary to point out that the quantum of care demanded of the carrier in such a case is different from that owed to a licensee by a landowner.

*Cambou* v. *Marty*, *supra*, involved an affirmative act of negligence while driving and backing an automobile, and does not deal with the duty owed by a landowner.

*Crane* v. *Smith*, *supra*, and *Roberts* v. *Del Monte Properties Co.*, *supra*, involved the duty owed to business visitors and not to licensees, and therefore are not here applicable.

*Shannon* v. *Central-Gaither U. School Dist.*, *supra*, arose from a traffic accident and did not set forth any duty owed by landowners to social guests, either minors or adults.

Affirmed.

Moore, P. J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 13, 1955. Gibson, C. J., Carter, J., and Trayor, J., were of the opinion that the petition should be granted.