[Civ. No. 22207.   Second Dist., Div. Three.   Sept. 23, 1957.]

MARGARET H. SIMPSON, Appellant, v. ALBERT W. RICHMOND et al., Respondents.

Bolton & Groff and F. V. Lopardo for Appellant.

Murchison & Cumming and Claude B. Cumming for Respondents.

VALLÉE, J.—Appeal by plaintiff from a judgment of dismissal following an order sustaining a general and special demurrer to the fourth amended complaint without leave to amend. The action is for damages for personal injuries sustained by plaintiff when she fell down the basement stairs in defendants' home.

The fourth amended complaint, called the complaint, may be epitomized as follows:

At the express invitation of defendants, plaintiff on the day of the accident was a "social invitee" of defendants at their house, and at all times material defendants knew she was on their premises.

A portion of defendants' house was improved as a patio. A door connected the patio to the kitchen. Another door connected the patio to a basement, which appeared from the patio to open in the manner of a usual doorway entrance; inside the door there were 11 stairs from the patio level to the basement floor; there was no platform or landing immediately inside the doorway; the rise and run of the stairs varied between the steps; the head space above the stairs was insufficient for a person of plaintiff's height; the area was unlighted and at the time of the injury was not sufficiently illuminated for plaintiff to observe the conditions of the doorway, entrance, stairway, and basement.

The door opening into the basement was in the vicinity of the kitchen. Its general construction and its structural position were such that it appeared from the patio to go into the kitchen. The actual door to the kitchen was a Dutch door, the upper half of which was a window; the Dutch door appeared to be a window in the building structure. By the construction and circumstances described, plaintiff was attracted to and made use of the door to the basement while attempting to enter the kitchen.

Defendants negligently, carelessly, and recklessly permitted,

maintained, and allowed each and all of the conditions described.

Plaintiff further averred defendants knew of the unreasonable risk and knew she would not discover or realize the danger to her safety by the use of the door, doorway, stairs, and basement; defendants did not inform or warn her in connection with the door, doorway, stairs, or basement, or the dangers or hazards in connection therewith, or notify her not to use such.

On December 26, 1954, about 5:30 p.m. plaintiff used the door and stairway. She was caused to and did fall because of the aforesaid condition of the premises and the negligence, carelessness, and recklessness of defendants. She was seriously and permanently injured.

Plaintiff contends the complaint states facts sufficient to constitute a cause of action. She argues that "an owner or occupant of land owes a duty to a gratuitous licensee to inform that licensee of any conditions of the said premises which expose the said licensee to an unreasonable risk of harm if the occupier of land knows of the said conditions, knows of the presence of the said licensee and knows or suspects that the said licensee will not discover the said dangerous condition."

Defendants assert the complaint does not state facts sufficient to constitute a cause of action. They say: plaintiff was a social guest; a social guest is a licensee; and a licensee takes the premises as he finds them insofar as any alleged defective condition thereof is concerned, and the landowner's only duty is to refrain from causing injury by wilful or wanton conduct or by actions which would constitute active negligence.

The law is as stated by defendants; not as stated by plaintiff. As alleged, the object of plaintiff's visit was her mere pleasure or benefit, having no relation to the business of defendants. █ A social guest is a licensee. (*Free* v. *Furr*, 140 Cal. App.2d 378, 383 [295 P.2d 134]; *Saba* v. *Jacobs*, 130 Cal. App.2d 717, 718 [279 P.2d 826]; *Ashley* v. *Jones*, 126 Cal. App.2d 328, 332 [271 P.2d 918]; *Demmer* v. *City of Eureka*, 78 Cal.App.2d 708, 711 [178 P.2d 472].) Plaintiff seemingly concedes she was a licensee. █ The duty owed by an owner of premises to a licensee has been frequently stated to be only to refrain from inflicting wanton or wilful injury. (*Powers* v. *Raymond*, 197 Cal. 126, 131 [239 P. 1069]; *Hall* v. *Southern Calif. Edison Co., Ltd.*, 137 Cal.App. 449, 453 [30 P.2d 1013].) The rule now permits

recovery for injuries resulting from active conduct constituting negligence, as distinguished from conditions of the premises. (*Oettinger* v. *Stewart*, 24 Cal.2d 133, 138 [148 P.2d 19, 156 A.L.R. 1221]; *Free* v. *Furr*, 140 Cal.App.2d 378, 383 [295 P.2d 134].) ■ Active negligence is the negligent conduct of active operations. (*Tesone* v. *Reiman*, 117 Cal. App.2d 211, 214 [255 P.2d 48]; *Yamauchi* v. *O'Neill*, 38 Cal. App.2d 703, 707-708 [102 P.2d 365]; anno.: 49 A.L.R. 778, 156 A.L.R. 1226, 1228.) ■ A licensee is obliged to take the premises as he finds them insofar as any alleged defective condition thereon might exist. (*Palmquist* v. *Mercer*, 43 Cal. 2d 92, 102 [272 P.2d 26]; *Fisher* v. *General Petroleum Corp.*, 123 Cal.App.2d 770, 779-780 [267 P.2d 841]. See *Allen* v. *Jim Ruby Const. Co.*, 138 Cal.App.2d 428 [291 P.2d 991].)

Plaintiff asserts the conditions of the premises constituted a trap and defendants owed her the duty of warning her of their existence, citing *Hall* v. *Barber Door Co.*, 218 Cal. 412 [23 P.2d 279], *Newman* v. *Fox West Coast Theatres*, 86 Cal. App.2d 428 [194 P.2d 706], and *Herold* v. *P. H. Mathews Paint House*, 39 Cal.App. 489 [179 P. 414]. These were cases of active negligence. (See *Allen* v. *Jim Ruby Const. Co.*, 138 Cal.App.2d 428, 433 [291 P.2d 991].) On the evidence in *Boucher* v. *American Bridge Co.*, 95 Cal.App.2d 659 [213 P.2d 537], also cited, the jury could have found the plaintiff was an invitee, a licensee, or a trespasser. The case holds the court erred in not defining a licensee and a trespasser to the jury and in not telling them the duty owed to each. *Ashley* v. *Jones*, 126 Cal.App.2d 328 [271 P.2d 918], also cited, affirmed a judgment of nonsuit. On review the plaintiff, who fell when a rug slipped while she was visiting in the defendants' home, contended she was an invitee and not a licensee. The court said that if it assumed the plaintiff was an invitee there was no evidence the defendants had not exercised reasonable care.

■ The rule as to licensees is stated in *Newman* v. *Fox West Coast Theatres,* 86 Cal.App.2d 428 [194 P.2d 706] (p. 431):

"While a number of California decisions have held that the duty owed by the owner or occupant of premises to a licensee is not much greater than that owed to a trespasser, to wit, that the licensee assumes the risks incident to the condition of the premises, and can recover only for 'wilfull or wanton injury' [citations], in *Oettinger* v. *Stewart*, 24 Cal.2d 133, 138 [148 P.2d 19, 156 A.L.R. 1221], it was announced

that such cases were disapproved, and the court held 'that in cases involving injury resulting from active conduct, as distinguished from condition of the premises, the landowner or possessor may be liable for failure to exercise ordinary care toward a licensee whose presence on the land is known or should reasonably be known to the owner or possessor. (Rest., Torts., § 341; Prosser on Torts, [1941], 630; 45 C.J. 803-805.) ' Thus where the presence of a licensee is or should be known there is a duty to carry on activities with reasonable care. In thus holding the Supreme Court revived the rule enunciated as early as 1913 in *Lucas* v. *Walker,* 22 Cal.App. 296, 301 [134 P. 374, 379], where it was decided that a licensee may recover for 'active negligence' or 'an overt act of negligence' as distinguished from a 'passive negligence.' '' (Also see *Fisher* v. *General Petroleum Corp.,* 123 Cal.App.2d 770, 778 [267 P.2d 841] ; *Davis* v. *Silverwood,* 116 Cal.App.2d 39, 41 [253 P.2d 83].)

Plaintiff urges that the complaint states facts sufficient to constitute a cause of action under sections 1708 and 1714 of the Civil Code.[1] The contention is without merit. It is answered by *Fernandez* v. *Consolidated Fisheries, Inc.,* 98 Cal.App.2d 91 [219 P.2d 73], in which the court, referring to section 1714, stated (p. 97) :

"Many courts, in imposing this duty of reasonable care toward trespassers and licensees, have drawn a distinction between active and passive negligence, and have limited the reasonable care test to overt acts of negligence. (See annotation 49 A.L.R. 778.) California has quite clearly adopted this distinction and imposed a duty to exercise reasonable care towards known licensees or trespassers so far as active operations are concerned. In the well-reasoned case of *Oettinger* v. *Stewart,* 24 Cal.2d 133, 138 [148 P.2d 19, 156 A.L.R. 1221], cases to the contrary were expressly overruled."

The complaint does not allege that defendants or either of them affirmatively committed any act of negligence after plaintiff went on the premises. It is devoid of any allega-

---

[1]Section 1708 reads: "Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights."

"Section 1714 reads: "Everyone is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself. The extent of liability in such cases is defined by the title on compensatory relief."

tion of active negligence. It merely alleges passive negligence. It does not allege any breach of duty owed plaintiff by defendants; it does not state facts sufficient to constitute a cause of action. Five complaints filed between December 22, 1955 and May 29, 1956, gave plaintiff ample opportunity to allege facts stating a cause of action, if any she had. The demurrer was properly sustained without leave.

Plaintiff asserts it was error for the trial court to grant defendants' motion to strike certain language from her complaint.[2] The averments that the area inside of the door opening into the basement was inherently dangerous and constituted an unreasonable risk of harm to a person using the door, doorway, and entrance, and that such permitted conditions constituted a trap, were conclusions of law. (*New* v. *Mutual Benefit H. & A. Assn.*, 24 Cal.App.2d 681, 683 [76 P.2d 131].) They were properly stricken. (21 Cal.Jur. 247, § 172.)

Affirmed.

Wood (Parker), Acting P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 20, 1957. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.

---

[2]From paragraph V, in which plaintiff described the door leading to the basement, the following was stricken: ''that said door opened into the basement in such a manner that the area in the entrance way to the basement inside said door was inherently dangerous and constituted an unreasonable risk of harm to a person using said door, doorway and entrance.''

From paragraph VII, in which plaintiff alleged defendants permitted, maintained, and allowed the pleaded conditions, the following was stricken: ''which conditions constituted a trap to the plaintiff.''