[Civ. No. 19235.   First Dist., Div. Two.   Nov. 23, 1960.]

MARIE HOWARD, Respondent, v. ADDISON J. HOWARD, Appellant.

Clark, Heafey & Martin, Schofield & Cunningham and Richard G. Logan for Appellant.

Leo Fried for Respondent.

McGOLDRICK, J. pro tem.*—This is an action brought by one Marie Howard for damages allegedly resulting from personal injuries which she suffered in a fall in the kitchen of defendant Addison J. Howard's home. Plaintiff charged defendant with carelessness and negligence, both in the maintenance of the premises and in his failure to warn plaintiff concerning the dangerous condition thereof. She alleged said negligence to be the proximate cause of her injuries. Defendant denied plaintiff's allegations, and pleaded the affirmative defense of contributory negligence. The jury found in favor of plaintiff, and assessed damages in the sum of $11,000. Defendant appeals from the judgment entered upon the verdict.

The material facts are not in dispute. At about 5 o'clock in the afternoon, October 12, 1957, defendant began preparing dinner for himself and his 6-year-old son in the kitchen of his home. He fried round steak in a pan greased with lard, after which, in moving the pan from the stove to the sink, he spilled grease on the kitchen floor near the doorway

*Assigned by Chairman of Judicial Council.

leading to the dining-living room. This occurred at approximately 5:30 p. m. Defendant testified that although he had intended to clean the floor following this mishap, he subsequently forgot and therefore did not do so.

While preparing this meal, and before spilling the grease, defendant telephoned his mother, the plaintiff herein, to invite her and Mr. and Mrs. Divers, two friends of the family with whom she was living, to come to his house later that evening. These three entered defendant's home for the first time following the aforementioned grease-spilling at between 8:30 and 8:45 p. m. Everyone remained in the dining-living room thereafter for about one hour, at which time defendant suggested that they have coffee, and asked his mother to prepare it. He testified that he had known when he made this request that plaintiff would have to go into the kitchen in order to comply therewith. She did so, after having first turned on the light, but she had taken no more than a step or two therein when she fell to the floor. There is substantial evidence that this fall was caused by a skidding of plaintiff's foot or feet in the aforementioned grease. Plaintiff testified that she had known nothing of the grease until after her fall, and Mr. Divers testified that it would have been difficult to see the grease prior thereto. Both respondent and Mr. Divers testified that the purpose of their visit to appellant's home on the night of the accident was purely social. These facts are undisputed.

█ The evidence clearly reveals the status of respondent to be that of a social guest, and as such, a licensee on appellant's premises (*Simpson* v. *Richmond* (1957), 154 Cal.App. 2d 27 [315 P.2d 435]). █ The law is well settled that a licensee must take the premises as he finds them insofar as any alleged defective condition is concerned (*Palmquist* v. *Mercer* (1954), 43 Cal.2d 92 [272 P.2d 26]). █ However, the landowner is under a duty to refrain from causing injury not only by wilful or wanton conduct, but also by actions which would constitute active negligence as distinguished from condition of the premises (*Oettinger* v. *Stewart* (1944), 24 Cal.2d 133 [148 P.2d 19, 156 A.L.R. 1221]). █ "Active negligence is the negligent conduct of active operations" (*Simpson* v. *Richmond, supra,* at p. 30). Appellant argues that the rule of *Palmquist, supra,* applies since the grease was spilled on the kitchen floor some three hours before respondent came upon the premises; that there is no evidence of any change in the condition of the premises in connection

with the defective condition subsequent to respondent's arrival, and therefore he breached no duty to her and hence for this reason the judgment should be reversed.

■ In contending for this proposition, appellant fails to take into consideration two important elements, viz., that he requested respondent to do an act which would require her to enter the kitchen by a route which he knew would be dangerous or defective; that he failed to warn her of this condition. The principles announced in *Herold* v. *P. H. Mathews Paint House* (1919), 39 Cal.App. 489 [179 P. 414] apply to the instant case. Here, plaintiff-appellant's wife was killed in a fall through an elevator shaft while attempting to visit her husband at his place of employment on defendant's premises. Brady, an employee of defendant who took the place of the latter's store manager when he was absent, had told Boehme, another employee, to take the wife to her husband by way of the elevator. The evidence indicated that she had already ridden therein in the course of previous visits. Boehme led her to the elevator shaft, the vehicle itself being, at that moment, located at a floor above. Boehme did not inform the wife of this fact. He threw up the gate, and was reaching for the rope which was used to raise and lower the car, when she stepped past him through the doorway and fell to the basement below. By direction of the court the jury rendered a verdict for defendant. For purposes of its discussion, the appellate court assumed that throughout the transaction in question appellant's wife was a licensee. "[U]pon the evidence presented," said the court, "we think that the plaintiff was entitled to have the question of defendant's negligence determined by the verdict of the jury under instructions given in harmony with the rule [that the landowner is under a duty to refrain from causing injury to a licensee by his own active negligence]. Under that evidence the court was in error when it determined, as a matter of law, that the acts of Brady and Boehme, taken together with the failure to give warning to Mrs. Herold, did not constitute negligence of an active or overt character within the meaning of the rule above stated, and that the defendant could not be held responsible therefor. We do not agree that Boehme's failure to warn the deceased of possible danger was merely passive negligence upon his part. Although passive or negative in itself, it may reasonably be considered as part of the overt act of raising the gate, which the jury might have found, under the evidence, was done in

such manner as to constitute an implied suggestion to Mrs. Herold that she might safely enter upon the elevator.''

It is therefore our view that the evidence in the instant case is sufficient to support the judgment (see also cases collected in 49 A.L.R. 783).

We now turn to appellant's claim that certain instructions given were erroneous. After defining licensee and licensor, the court charged the jury as follows:

''When the licensee's presence upon the premises of another is known to the licensor, the licensor is bound to exercise ordinary care to avoid injuring the licensee.

''A licensor may not be held liable for alleged negligence of an inactive or passive nature but one may not injure another by negligence of an active nature, amounting to the want of ordinary care, while she is upon his property.

''In this connection, you must determine whether the licensor owed the licensee reasonably any duty to notify her of the presence of any grease upon the kitchen floor.

''Active negligence, so far as this case is concerned, means the doing of something which an ordinarily prudent person, in the same situation, would not do.''

The court further instructed on the meaning of ''ordinary care'' and ''ordinarily prudent person.''

It is appellant's contention that the second and third paragraphs above quoted were erroneous in that the jury was thereby told that they could find appellant guilty of active negligence because of his failure to warn. However, that failure may be reasonably considered a part of his overt act of requesting respondent to prepare the coffee as might Boehme's like failure to warn be considered a part of the raising of the gate to the elevator shaft in the Herold case. That the jury might reasonably find an implication inherent in that request that respondent might safely enter into the kitchen to do so is clear.

Appellant also contends that the court's refusal to give his Instruction Number 2 constituted reversible error. This instruction reads as follows:

''A social guest is a licensee; and a licensee takes the premises as he finds them insofar as any alleged defective condition thereof is concerned. The landowner's only duty is to refrain from causing injury by wilful or wanton conduct or by actions which would constitute active negligence.

''Active negligence is the negligent conduct of active operations.''

This requested instruction is an accurate statement of the law (*Simpson* v. *Richmond, supra*). ██ However, it is equally clear that if the jury is correctly instructed as to the applicable legal principles, a party cannot complain that the instructions were not couched in particular language (*Pappas* v. *Bogard* (1959), 167 Cal.App.2d 599 [334 P.2d 947]). This is true even though the requested instruction is more precise, or states the principles more clearly, than that which was actually given (48 Cal.Jur.2d 203).

We therefore conclude that the instructions given on this subject were sufficient.

The cases of *Simpson* v. *Richmond, supra,* and *Ward* v. *Oakley Co.,* 125 Cal.App.2d 840 [271 P.2d 536] cited by appellant can easily be distinguished from the case at bar since both cases involved defective pleadings. No such defect is urged as to respondent's pleadings. On the contrary, the complaint discloses specific allegations that not only had appellant negligently failed to warn her of the dangerous condition of the kitchen floor but he also had requested her to enter thereupon.

We conclude that there was no error committed by the trial court in its instructions to justify a reversal and that the evidence is sufficient to support the judgment entered upon the verdict.

Judgment is affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.