Renato CHINCA, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 37350.

United States District Court
N. D. California, S. D.

Jan. 20, 1961.

Burton & Hennessy, David Emery Otis, Yreka, Cal., for plaintiff.

Laurence E. Dayton, U. S. Atty., Frederick J. Woelflen, Asst. U. S. Atty., San Francisco, Cal., for defendant.

ROCHE, District Judge.

Plaintiff sues under the Federal Tort Claims Act to recover damages suffered when he allegedly fell from a defective bridge situated on defendant's property, said fall alleged to have been caused by the negligence of defendant in failing to warn plaintiff of the dangerous condition and/or the negligence of defendant in failing to maintain said bridge in safe condition.

On September 22, 1957, plaintiff and a friend, Charles E. Carroll, riding in a pick-up truck owned and driven by Carroll, entered the Shasta National Forest in Siskiyou County, California for the purpose of hunting wild animals. While proceeding on Middle Fork Road in said National Forest, they drove up to and stopped before a wooden bridge located on property owned by defendant United States. Plaintiff and his companion testified that the latter then left the truck to relieve himself while plaintiff walked out onto the bridge to see if the planking thereon was wide enough for the pick-up. While on the bridge, plaintiff stepped on a section of 4″ x 12″ planking which gave way under his weight—the heavy timber supporting it having collapsed at some previous time—causing plaintiff to fall to the dry stream bed below where he sustained serious injury to his foot.

By the terms of the legislation under which plaintiff sues, the United States is liable only if under like circumstances, a private person would be liable under the law of the place of the alleged act or omission. 28 U.S.C. §§ 2674, 1346(b). So the court must look to the laws of the State of California to determine

the rights of plaintiff as well as the duties and obligations of defendant.

■ Plaintiff, having lawfully come upon defendant's land for a non-business purpose of benefit only to himself, attained the status of a licensee. Simpson v. Richmond, 1957, 154 Cal.App.2d 27, 315 P.2d 435; Free v. Furr, 1956, 140 Cal.App.2d 378, 295 P.2d 134; Saba v. Jacobs, 1955, 130 Cal.App.2d 717, 279 P.2d 826; Ashley v. Jones, 1954, 126 Cal.App.2d 328, 271 P.2d 918.

■ The numerous decisions by the courts of this State dealing with the duty owed by landowners to persons coming upon their land as licensees have imposed upon said landowners only the obligation to refrain from active misconduct. Simpson v. Richmond, supra; Knight v. Kaiser Company, 1957, 48 Cal. 2d 778, 312 P.2d 1089; Palmquist v. Mercer, 1954, 43 Cal.2d 92, 272 P.2d 26; Demmon v. Smith, 1943, 58 Cal.App.2d 425, 136 P.2d 660. Plaintiff contends that this rule of law applies only to licensees by sufferance, and that a further duty—to warn of dangerous, concealed conditions of which the landowner is aware—is owed to "invited" licensees unable to qualify as business visitors. The cases relied upon are weak authority for his contention. Newman v. Fox West Coast Theatres, 1948, 86 Cal.App.2d 428, 194 P.2d 706, was decided upon the basis of the duty to refrain from active misconduct owed to all licensees. Oettinger v. Stewart, 1944, 24 Cal.2d 133, 148 P.2d 19, 156 A.L.R. 1221. Blaylock v. Coates, 1941, 44 Cal. App.2d 850, 113 P.2d 256, held only that a landowner may not construct or maintain a trap or pitfall—in this case an oil sump hidden from view by sand on the surface—into which he knows or has reason to believe that even a *trespasser* will probably fall. There is presently no authority in this state for distinguishing between various classes of licensees, the overwhelming consensus being that the only duty owed to any licensee is to use ordinary care in conducting active operations. Fisher v. General Petroleum Corp., 1954, 123 Cal.App.2d 770, 267 P.2d 841.

■ Defendant has admitted that the bridge in question suffered flood damage in December, 1955, and that defendant's agents knew of said damage and the resulting unsuitability of the bridge for use. But maintaining an unsafe bridge is clearly not active conduct; it is rather a condition of the premises, which a licensee must take as he finds them. Allen v. Jim Ruby Construction Company, 1956, 138 Cal.App.2d 428, 291 P.2d 991; Davis v. Silverwood, 1953, 116 Cal.App. 2d 39, 253 P.2d 83.

■ Even if the law were said to require a landowner to warn licensees of known, concealed dangers that fall short of being "traps", plaintiff has not made a showing that would justify recovery. The evidence pertaining to the appearance of the bridge—principally photographs taken some time after the accident—indicates that the broken and hazardous condition of the structure was apparent to casual inspection. The danger was not concealed; indeed, every visible aspect of the construction gave warning of the risks involved. Consequently, plaintiff, a resident of the area and familiar with the Forest, voluntarily assumed these risks when he walked out onto the bridge.

It is the conclusion of the court that judgment be for defendant and that plaintiff take nothing. Defendant may submit findings of fact and conclusions of law in accordance with the foregoing.