[Civ. No. 19702.   First Dist., Div. Two.   Mar. 15, 1962.]

RAE MARIE LUCAS, a Minor, etc., et al., Plaintiffs and Appellants, v. J. P. ROBERTS et al., Defendants and Respondents.

Douglas G. Cowan and Edward L. Merrill for Plaintiffs and Appellants.

Weinmann, Rode, Burnhill & Moffitt and Cyril Viadro for Defendants and Respondents.

AGEE, J.—Plaintiffs appeal from the judgment entered upon the sustaining of defendants' general demurrer to each of the two causes of action alleged against defendants in their complaint. Plaintiffs had been granted leave to amend but elected not to do so and the judgment followed.

The complaint alleges that defendants owned and possessed a residence located in Hayward, California; that on November 28, 1958, plaintiff Rae Marie Lucas, while a guest therein, was severely burned; that plaintiff Ray Anthony Lucas is the guardian *ad litem* of Rae Marie Lucas, a minor; that plaintiffs were required to and did incur expenses for medical and hospital care and treatment for said burns. The charging allegations against defendants will be related hereafter.

Where, as here, plaintiffs elect not to amend their complaint after leave to do so is granted, it must be presumed that they have stated as strong a case as could be stated in their favor and no facts necessary to plead a cause of action can be deemed to have existed unless actually pleaded. (*Melikian* v. *Truck Ins. Exchange*, 133 Cal.App.2d 113, 115 [283 P.2d 269]; *Frace* v. *Long Beach, etc., School Dist.*, 58 Cal.App.2d 566, 568 [137 P.2d 60]; 2 Witkin, California Procedure, pp. 1191-1193.)

For example, we cannot assume that plaintiff Rae Marie Lucas is of any particular age except that, the complaint having referred to her as a ''minor'' and having alleged that a guardian *ad litem* was appointed for her in November, 1959, she must have been under the age of 21 years at the time of such appointment.

The first count alleges that defendants ''. . . so carelessly and negligently maintained, operated and controlled their said premises, as to leave in an obvious location, where the same would attract the attention of, and be available to, minor children upon the premises, highly inflammable materials, to-wit, matches; . . . [b]y reason of their careless and negligent *maintenance* of said premises, plaintiff, Rae Marie Lucas, [hereafter referred to as plaintiff] was allowed to, and did, obtain possession of such matches, and that by reason thereof, the same were ignited, setting fire to her clothing, whereby she sustained . . . severe burns . . .'' (emphasis added).

As a social guest, plaintiff had the legal status of a licensee and she must take the premises as she finds them insofar as any unsafe condition thereon might exist. (*Palmquist* v. *Mercer*, 43 Cal.2d 92, 102 [272 P.2d 26]; *Simpson* v. *City of Richmond*, 154 Cal.App.2d 27, 30 [315 P.2d 435]; *Free* v. *Furr*, 140 Cal.App.2d 378, 383 [295 P.2d 134].)

However, a host owes a duty to refrain from causing injury to a social guest by wilful or wanton conduct or by actions which would constitute active negligence. (*Simpson* v. *Richmond, supra*, 29-30.)

The ''action'' of defendants is alleged to be the leaving of matches on the premises in a location available to minor children who are there as social guests. If this is negligence at all, it is passive and not active. Matches are commonly used in almost every household. Without more being pleaded, plaintiff has not stated a cause of action.

In *Ashley* v. *Jones*, 126 Cal.App.2d 328 [271 P.2d 918], plaintiff-guest stepped on a small rug which slipped and caused her to fall. A judgment of nonsuit was affirmed, the opinion stating, at page 334: ''This rug was similar to those commonly used in nearly all homes, many of which do not have pads under them. There was nothing inherently dangerous about the rug in the absence of unusual conditions.''

The second count alleges that defendants ''. . . carelessly and negligently created and established in their said residence a policy of igniting matches in the bathroom . . . upon com-

pletion of the facilities thereof; that by reason of said careless and negligent *conduct* of said defendants, plaintiff RAE MARIE LUCAS was induced to, and she did . . . ignite a match after completing the use of said bathroom facilities, and upon so doing her clothing became ignited, causing her to sustain . . . severe burns. . . .''

The substance of this cause of action appears to be that defendants carelessly and negligently established a ''policy'' of igniting matches in the bathroom after using the facilities thereof. It is not alleged how or why the establishment of such a ''policy'' was careless and negligent ''conduct'' on the part of defendants or whether the establishment of such a policy was ever made known to plaintiff or how or in what manner plaintiff was induced to light a match or whether defendants in any way actually participated in the lighting of the match which ignited plaintiff's clothing or whether defendants ever told or required plaintiff to light a match after using the bathroom facilities or that defendants had or were exercising any control or supervision over plaintiff or that they had failed to warn her of the danger of lighting a match.

In short, there are no allegations showing any active negligence by defendants or that any conduct on their part was a proximate cause of plaintiff's injuries.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.