[Civ. No. 19233.   Second Dist., Div. Two.   Feb. 11, 1953.]

FRANK G. DAVIS, Appellant, v. F. B. SILVERWOOD (a Corporation), Respondent.

Rinehart, Merriam, Parker & Berg for Appellant.

Jennings & Belcher for Respondent.

McCOMB, J.—From a judgment in favor of defendant, predicated upon a directed verdict in an action to recover damages for personal injuries resulting from alleged negligence, plaintiff appeals.

The evidence, viewed in the light most favorable to plaintiff, as it must be on an appeal from a judgment predicated upon a directed verdict, discloses that on January 27, 1948, plaintiff was employed as a truck driver by United Parcel Service and had been thus employed for approximately nine years. During this period he delivered merchandise to and from defendant's Sixth and Broadway store in Los Angeles. The shipping department of defendant's store was located in the basement. It was accessible either by a stairway or by a sidewalk freight elevator which opened onto Sixth Street. Plaintiff had used such elevator for conveying merchandise from the basement many times daily for nine years.

On January 27, 1948, plaintiff called at defendant's store to pick up merchandise. He parked his truck on Sixth Street with the rear end near the sidewalk elevator. He then went downstairs to the shipping department and, with the aid of a Silverwood employee, loaded the elevator. He operated the elevator in raising it to the sidewalk. Henry Walkins, a Silverwood employee, there passed the merchandise from the elevator to plaintiff in the truck. This process was repeated until three or four loads had been brought from the basement. Plaintiff operated the elevator for each load and it was operating satisfactorily, as it had been on all prior occasions when plaintiff had used it.

When the last merchandise for that trip had been loaded on the truck plaintiff closed and locked the truck doors. He had completed his use of the elevator. Having no further use for the elevator, plaintiff left it at the sidewalk level, visited the washroom in the basement, thereafter called at the receiving desk and telephoned the display department. On learning nothing else was to go plaintiff walked upstairs and out the side door of defendant's store. He had completed the purpose of his call at defendant's store and was headed for his truck on which he intended to proceed on his route.

Just prior to this time the side rods which held the elevator doors open had been removed by Henry Walkins, defendant's employee. This plaintiff knew was the normal procedure and indicated that the elevator was prepared to go down. Henry Walkins had pulled the chain to lower the elevator but it did not descend. A rock had caused the elevator to be wedged tight at sidewalk level.

On the way to his truck plaintiff passed near the elevator. Mr. Walkins informed plaintiff a stone prevented the elevator from going down. Plaintiff had at no time previously been asked by defendant to repair any of its elevators—in fact he did not have the mechanical skill for such undertaking. However, he immediately walked onto the elevator to ascertain the trouble. As he stooped over to take a closer look the elevator dropped to the basement causing him serious personal injuries.

At the conclusion of plaintiff's evidence defendant rested and the trial judge granted a motion for a directed verdict in favor of defendant. The present appeal has ensued.

This is the sole question necessary for us to determine:

*Did the trial court err in granting defendant's motion for a directed verdict upon the ground that plaintiff at the time of the accident was on defendant's premises as a mere licensee?*

*No.* ■ Where a plaintiff makes delivery in the course of his employment to the consignee's premises and has completed his delivery, starts on his return journey to his employer's premises but deviates from his course to assist an employee of the consignee in connection with a matter on the consignee's premises the plaintiff is a mere licensee. (*Tharp* v. *San Joaquin Cotton Oil Co.*, 27 Cal.App.2d 554, 560 [2] *ff*. [81 P.2d 443, 82 P.2d 21] (petition for hearing denied by Supreme Court).) ■ It is likewise settled that a licensee must establish active negligence on the part of a defendant in order to recover for his injury. (*Demmon* v. *Smith*, 58 Cal. App.2d 425, 432 [136 P.2d 660]. Petition for hearing denied by Supreme Court.)

■ Applying the foregoing rules to the facts of the instant case it is clear that at the time of the accident plaintiff had completed the purpose for which he had been on defendant's premises as an invitee and had started to return to his employer's premises when he voluntarily returned to defendant's premises to see what was the matter with the elevator. At this time he was a mere licensee and since the record is devoid of any evidence which would support a finding that plaintiff's

injury resulted from the active negligence of defendant, the trial court properly granted the motion for a directed verdict.

This case is on all fours with *Tharp* v. *San Joaquin Cotton Oil Co., supra,* in which plaintiff delivered a load of cottonseed to defendant's warehouse. Having unloaded, he started to drive away when he noticed that the warehouse conveyor belt which he used in unloading had stopped. He returned to the warehouse and attempted to put the conveyor belt back on the pulley from which it had slipped. Two of defendant's employees were also attempting to get the belt back in operation. One of defendant's employees gave the conveyor belt a jerk and the plaintiff was injured. The trial court granted a motion for nonsuit which was sustained on appeal. Defendant in its brief very clearly illustrates the similarity of the cited case with the facts in the instant case by quoting from the opinion in the case as follows:

"[1] In the case at bar the evidence shows that the plaintiff was not acting for the mutual benefit of his employer and the defendants, [2] but was engaged upon a mission of his own, without the knowledge of either Creager or Britton as to what he was about to do. [3] At the time in question the plaintiff's employer had nothing whatever to do with the restarting of the machinery contained in the defendant's plant. [4] In other words, whatever he did was purely personal to himself, and was not in furtherance of the interests of his employer. [5] Roy Tharp was the employer of the plaintiff, and so far as the truck load of cottonseed belonging to Roy Tharp was concerned, it had all been delivered at the place, and under the circumstances and conditions provided by the defendants for such delivery. [6] There was no business of the plaintiff or of his employer about to be transacted in which the plaintiff or his employer was interested. [7] The matter of replacing the belt was purely an affair for Creager and Britton, and did not concern either the unloading or the delivery of any cottonseed brought to the premises by the plaintiff. [8] The plaintiff had finished unloading his cottonseed; [9] he had gone from the premises provided for that work; [10] had turned and started toward home; [11] and then, without any business connected with the premises belonging to the defendants, he went back and entered the powerhouse and attempted to perform a service not expected to be performed by truck drivers, and performed at an instant of time when neither Creager nor Britton were aware of the fact that he was about to perform such service. The testi-

mony shows that Creager, who was directing Britton, never saw Tharp in the powerhouse.

"[12] We do not need to enter into a discussion of either of the alleged negligence of Britton or of the alleged negligence of the defendants in not having the belt properly guarded. [13] The fact remains that the circumstances show that the plaintiff in this case was a mere licensee, and the principles enunciated and the cases cited in the Buckingham case, *supra*, showing when one is an invitee and one is a licensee, we think conclusive of this case and support the order of the trial court in granting a motion for nonsuit on the ground that the plaintiff was a mere licensee. . . ." (P. 560 et seq.)

Thereafter defendant in its brief substitutes the facts of the present case for those in the Tharp case by paraphrasing it as follows, the substitutions and changes being in italics:

"[1] In the case at bar the evidence shows that the plaintiff, *in returning to the elevator to see what was holding it up,* was not acting for the mutual benefit of his employer and the defendant, [2] but was engaged upon a mission of his own without the knowledge of *defendant's employees* as to what he was about to do. [3] At the time in question the plaintiff's employer had nothing whatever to do with the *lowering* of the *elevator* contained in the defendant's *store.* [4] In other words, whatever he did was purely personal to himself, and was not in furtherance of the interests of his employer. [5] *United Parcel* was the employer of the plaintiff, and so far as the truck load of *merchandise* belonging to *defendant* was concerned, it had all been *loaded* at the place, and under the circumstances and conditions provided by the defendant for such *loading.* [6] There was no business of the plaintiff or of his employer about to be transacted in which the plaintiff or his employer was interested. [7] The matter of *lowering the elevator* was purely an affair for *defendant's employees,* and did not concern either the *loading* or *hauling* of any *merchandise from* the premises *of* the defendant. [8] The plaintiff had finished *loading the merchandise*; [9] he had gone from the premises provided for that work; [10] had turned and started *for his truck*; [11] and then, without any business connected with the premises belonging to the defendant, he *stopped* and *stepped onto the elevator* and attempted to perform a service not expected to be performed by truck drivers, and performed at an instant of time when *none of defendant's employees* were aware of the fact that he was about to perform such service. The testi-

mony shows that *the shipping department foreman,* who was *in charge of the elevator,* never saw *plaintiff on* the *elevator.*

"[12] We do not need to enter into a discussion of either of the alleged negligence of *Henry Walkins* or of the alleged negligence of the defendant in not having the *elevator* properly guarded . . . [13] The fact remains that the circumstances show that the plaintiff in this case was a mere licensee, and the principles enunciated and the cases cited in the Buckingham case, *supra,* showing when one is an invitee and when one is a licensee we think conclusive of this case and support the order of the trial court in granting a motion for a *directed verdict* on the ground that the plaintiff was a mere licensee."

In view of the fact that the foregoing rules and authorities dispose of the present cause no useful purpose would be served by discussing other points raised by counsel.

Affirmed.

Moore, P. J., and Fox, J., concurred.