[No. 34842. Department Two. March 5, 1959.]

MARGARET M. PORTER et al., Appellants, v. D. E. FERGUSON et al., Respondents.[1]

[1]Reported in 336 P. (2d) 133.

*Horrigan, Horrigan & Sullivan,* for appellants.

*Powell & Loney* and *John A. Westland,* for respondents.

MALLERY, J.—This is an action brought by Frank Porter and his wife against the community of their daughter and her husband. The daughter had injured her toe and had called her parents and invited them to her house on the day in question so that the mother could help in completing preparations of the Sunday dinner. There was testimony that the amount of labor thus entailed had a value of three dollars. It appeared, however, that no payment in any amount was contemplated by any of the parties.

In the course of finishing preparations of the dinner, the mother slipped on the kitchen floor and broke her hip.

The plaintiffs attempted to prove that the injury was caused by the slippery condition of the floor. Only circumstantial evidence was available upon this point. The court did not make a finding of fact regarding it. This is immaterial in view of the course the trial and this appeal have taken.

For our present purpose, we may assume, without deciding, that the defendant husband did know of the slippery condition of the floor, that he did not correct it, and that he did not notify his mother-in-law regarding it.

The plaintiffs' theory was that the mother was a business invitee and, as such, entitled to a safe place in which to work. From this it follows that to knowingly permit the floor to be slippery and fail to give notice thereof to the mother was actionable negligence.

The trial court found that the plaintiffs were not business invitees, but on the contrary were licensees. This was predicated upon the proposition that the occasion of the visit was social and not commercial or contractual in nature. Thus, the defendants, as occupiers of the premises, owed to the licensees only the duty of not willfully or wantonly injuring them under the Washington rule as expressed in *Dotson v. Haddock,* 46 Wn. (2d) 52, 278 P. (2d) 338.

From a judgment of dismissal, the plaintiffs appeal.

■ This is a case of first instance in this state upon the relation of the parents visiting in a child's home. We think the rule as expressed in 2 Restatement, Torts, 896, § 331, is sound, and we apply it to this case. Among other things, it is therein stated:

"A gratuitous licensee is any licensee other than a business visitor as defined in § 332. . . .

"*a.* The phrase 'gratuitous licensee' includes . . .

"2. The members of the possessor's household, except boarders or paying guests and servants, who . . . are business visitors.

"It is immaterial whether a member of the household is a wife or minor child, or, on the other hand, is a member of the possessor's family or other person whom the possessor is under no legal or moral obligation to receive."

This brings the case within the rule of Washington cases relating to licensees in general.

■ It remains to be said that the record supports the court's findings of fact that the appellants were licensees under the facts of this case. We do not say, of course, that members of a family cannot contract with each other or enter into commercial relationships. We merely say that there is a presumption that services between members of a family enjoying normal relationships are gratuitous. *King v. Prudential Ins. Co.*, 13 Wn. (2d) 414, 125 P. (2d) 282. The record does not rebut this presumption by showing that the parties contemplated a contract.

The appellants' assignment of error to the court's conclusion that there was no willful or wanton misconduct is not well taken.

The judgment is affirmed.

WEAVER, C. J., HILL, and ROSELLINI, JJ., concur.

FINLEY, J. (concurring in the result)—The determination of the trial court that appellants were licensees rather than business invitees seems to me to resemble a conclusion of law more closely than a finding of fact. With this observation in mind and the difference it suggests in appellate procedural mechanics, I concur in the result.