[Civ. No. 18431.   First Dist., Div. Two.   July 9, 1959.]

ROBERT GEORGE CAIN, Appellant, v. EARL B. FRIEND et al., Respondents.

Christin & Davis, Leonard J. R. Davis and Joseph D. Taylor for Appellant.

O'Connor, Moran, Cohn & Hall for Respondents.

DRAPER, J.—Plaintiff appeals from judgment entered upon directed verdict in this personal injury action.

Defendants, husband and wife, owned their home, and had commenced construction of an addition to it. The husband, a joiner, was building the addition in his spare time. He and his wife had known plaintiff, a journeyman carpenter, for some years. Defendants asked plaintiff's mother to have him come to see them. He did. They discussed the construction work on defendants' home. Plaintiff expected that he would not be employed for two or three days, and volunteered to do a portion of the building job without compensation. Defendants accepted his offer, pointed out the details of the work

to be done, and gave him a key to their home, since both of them would be away the next day. Plaintiff testified that defendant husband showed him a ladder and said that he could use it, but defendant denied this. The next day, plaintiff returned to defendants' home as agreed and commenced work. He worked through the morning, using the ladder frequently. In the early afternoon, as he descended the ladder, the bottom rung broke, causing plaintiff to fall some 16 feet to the ground.

· This action seeks damages for the injuries sustained in that fall. At the close of plaintiff's case, motion for nonsuit was denied, but after further argument, motion for directed verdict was granted.

A trial court's power to direct a verdict is subject to the same limitations as its power to grant a nonsuit. (*Pellett* v. *Sonotone Corp.*, 26 Cal.2d 705, 708 [160 P.2d 783, 160 A.L.R. 863].) Hence we view the evidence in the light most favorable to plaintiff, disregarding conflicts and indulging all reasonable inferences in plaintiff's favor.

The principal issue argued here is whether plaintiff was an invitee or a licensee. An occupant of land owes to an invitee the duty to exercise ordinary care to keep the premises in a reasonably safe condition. (*Popejoy* v. *Hannon*, 37 Cal. 2d 159, 169 [231 P.2d 484].) Defendants correctly concede that as to an invitee the like duty extends to chattels to be used by him upon the premises. (See *Mondine* v. *Sarlin*, 11 Cal.2d 593, 597 [81 P.2d 903].) If, however, plaintiff was a mere licensee, defendants' principal duty was merely to refrain from active negligence (*Demmon* v. *Smith*, 58 Cal. App.2d 425 [136 P.2d 660]; *Davis* v. *Silverwood*, 116 Cal. App.2d 39 [253 P.2d 83]) or from any overt act which would increase the hazards of the premises (*Laidlaw* v. *Perozzi*, 130 Cal.App.2d 169, 172 [278 P.2d 523]). If plaintiff was a mere licensee, there is grave doubt of his right to recover.

Whether one is an invitee or a licensee is. a question of fact (*Laidlaw* v. *Perozzi, supra*), and, where the evidence is in conflict, is for the jury to determine (*Koppelman* v. *Ambassador Hotel Co.*, 35 Cal.App.2d 537 [96 P.2d 196]). Thus the real question is whether there is evidence from which the jury could have found plaintiff to be an invitee.

"It is the purpose for which a person is upon the premises of another which renders him an invitee rather than a licensee." (*Popejoy* v. *Hannon, supra*, 37 Cal.2d 159, 169.)

In general, "if that purpose is one of common interest or

mutual advantage the person is considered an invitee while a licensee is inferred where the object is the mere pleasure or benefit of the visitor.'' (*Ashley* v. *Jones*, 126 Cal.App.2d 328, 332 [271 P.2d 918].) ▪ Where the services are for the benefit of the occupant of the premises, the fact that they are performed gratuitously does not negative the performer's status as an invitee. (*Mondine* v. *Sarlin, supra*, 11 Cal.2d 593, 597.) ▪ Even where the benefit to the occupant is intangible, the one rendering services may rely upon them to establish his status as an invitee. (*Edwards* v. *Hollywood Canteen*, 27 Cal.2d 802, 809 [167 P.2d 729].) A carpenter working without compensation in the construction of a church building is an invitee. (*Fernquist* v. *San Francisco Presbytery*, 152 Cal.App.2d 405 [313 P.2d 192].)

Defendants seek to argue that plaintiff was merely a social visitor or guest upon the premises. ▪ Such a visitor is a mere licensee (*Saba* v. *Jacobs*, 130 Cal.App.2d 717, 718 [279 P.2d 826]; *Simpson* v. *City of Richmond*, 154 Cal.App.2d 27, 29 [315 P.2d 435]), even though some minor service incidental to the social visit is performed (*Free* v. *Furr*, 140 Cal. App.2d 378 [295 P.2d 134]; *Ashley* v. *Jones*, 126 Cal.App.2d 328 [271 P.2d 918]). But the analogy fails upon the facts. ▪ In the case at bar, plaintiff went to defendants' home by prearrangement, at a time when both he and they knew the owners would be absent, to perform work beneficial to them. A ''social visit'' to hosts known to be absent for the sole purpose of performing manual labor severely strains both credulity and vocabulary.

Also distinguishable are the cases of *Davis* v. *Silverwood*, 116 Cal.App.2d 39 [253 P.2d 83], and *Tharp* v. *San Joaquin Cotton Oil Co.*, 27 Cal.App.2d 554 [81 P.2d 443, 82 P.2d 21]. In each of those cases a business visitor either after his own business was completed (Davis) or on a portion of the premises not included in the business invitation (Tharp) suffered injury while attempting to give unsolicited aid in the correction of mechanical difficulties of equipment which was wholly the concern of the occupant of the premises. Here plaintiff was injured while doing exactly what he had been asked to do, at the time and place he had been asked by defendants to do it.

▪ Here there is evidence from which a jury could find that plaintiff was expressly or impliedly invited to visit defendants' premises to perform services beneficial to defend-

ants; that he was injured while performing such services; and that the injury resulted from the collapse of a ladder supplied by defendants for the use plaintiff was making of it at the time of his fall. Under the decisions, such findings would warrant the conclusion that plaintiff was an inviteee. We do not purport to resolve any evidentiary conflicts. We hold only that the issue should have been left to the jury.

If that issue were determined in plaintiff's favor, the question whether defendants met the duty owing to their invitee likewise would present an issue of fact for the jury. Defendants separately admitted that they considered the ladder "rickety" and did not use it themselves. This is some evidence that it was defective and that they knew or reasonably should have known that its use endangered plaintiff. The ladder itself was before the jury, which from viewing it, as well as from testimony about its condition, could draw inferences as to whether its defect should have been known to defendants or to plaintiff. Thus on the issue of negligence, as well as that of contributory negligence, there were questions of fact for the jury. The case must be remanded for new trial.

Judgment reversed.

Kaufman, P. J., and Dooling, J., concurred.