[No. 35277. Department One. April 21, 1960.]

Dora I. Lucas, *Respondent*, v. William A. Barner et al., *Appellants.*[1]

*Carnahan, Gordon & Goodwin,* for appellants.

*Irene Rush Ferris,* for respondent.

Hunter, J.—This is an appeal from a judgment in an action for personal injuries sustained by the plaintiff, Dora I. Lucas, a widow seventy-four years of age. Plaintiff's injuries were the result of a fall at the home of the defendants, her daughter and son-in-law.

On November 12, 1957, the son-in-law, William A. Barner, returned temporarily from an elk hunting trip. It was decided his wife would accompany him for the remainder of

[1]Reported in 351 P. (2d) 492.

the trip, if arrangements could be made for someone to care for their two sons, aged ten and twelve. This was discussed with the plaintiff who agreed to move into the defendants' home during the three to five days they anticipated being absent. It was understood that she was to assume the general responsibility of caring for her grandsons. A normal family relationship existed between all the parties. There was no agreement that plaintiff was to be compensated for her services.

The grandmother slept in an upstairs bedroom and on the evening of November 14, 1957, about nine-thirty p. m., she started up the stairway to retire; on reaching the third or fourth step her foot slipped on a loose carpet of which she was unaware. She fell to the bottom of the stairway and sustained injuries. The son-in-law was aware of the loose carpet but failed to warn the plaintiff of this latent defect and the danger involved.

This action was instituted on the theory that the plaintiff was a business invitee, and that the owner of the premises owed her a duty of maintaining his premises in a reasonably safe condition in which to work.

The trial court held the plaintiff was a business invitee and submitted the case to the jury on that basis. The jury found for the plaintiff, awarding her damages in the sum of fifteen thousand dollars. Judgment was entered upon the verdict. The defendants appeal.

Both parties agree the sole issue to be determined is whether the respondent was a business invitee or a licensee, at the time of her injury. If the respondent was a business invitee the judgment should be affirmed; if the respondent was a licensee the judgment should be reversed.

The appellants rely on the recent case of *Porter v. Ferguson*, 53 Wn. (2d) 693, 336 P. (2d) 133 (1959). In that case the daughter, who had broken her toe, invited her parents to the house so the mother could assist in the preparation of the Sunday dinner. The mother fell on a slippery substance on the kitchen floor. The daughter's husband had known of this dangerous condition in time to have warned

the mother before she fell. No warning was given. The trial court held the status of the mother was a licensee, and recovery was denied. In affirming the trial court, we stated:

"It remains to be said that the record supports the court's findings of fact that the appellants were licensees under the facts of this case. We do not say, of course, that members of a family cannot contract with each other or enter into commercial relationships. We merely say that there is a presumption that services between members of a family enjoying normal relationships are gratuitous. *King v. Prudential Ins. Co.*, 13 Wn. (2d) 414, 125 P. (2d) 282. The record does not rebut this presumption by showing that the parties contemplated a contract."

█ We believe the *Porter* case to be controlling in this appeal. In the instant case, the service rendered by the respondent mother was as a member of a family enjoying a normal relationship. The presumption that this service was gratuitous is not rebutted by any evidence that the parties contemplated entering into a contract or commercial relationship. The status of the respondent was therefore that of a licensee.

The judgment of the trial court is reversed.

WEAVER, C. J., MALLERY, HILL, and DONWORTH, JJ., concur.