HELEN A. SPRING *vs.* WILLIAM H. BURKE, JR., & another.   November 27, 1963.   Plaintiff's exceptions overruled.   Defendants' exceptions dismissed.   The plaintiff brings this action of tort to recover for injuries sustained by her on March 22, 1960, on premises owned by her daughter and her daughter's husband.   The plaintiff had agreed to "baby-sit" for her daughter for several hours so that she could do some shopping.   The case was submitted to the jury who returned a verdict for the defendants.   The plaintiff excepted to a portion of the charge "wherein the jury was instructed that the plaintiff . . . [to acquire the status of an invitee] must show that she was on the defendants' premises as a business or commercial guest."   True, in portions of the charge, the judge tended to stress the

necessity of the plaintiff establishing a business or commercial relationship in order to recover. But reading the charge as a whole, we are of opinion that the jury were given correct instructions. They were told that the test was whether the plaintiff was on the defendants' premises for the "purpose of conferring a benefit, not necessarily pecuniary" and that the benefit must "not comprise those intangible advantages arising from mere social intercourse." This language was taken almost word for word from our decision in *O'Brien* v. *Shea*, 326 Mass. 681, 682–683, which was quoted with approval in the recent case of *Pandiscio* v. *Bowen*, 342 Mass. 435, 437. This conclusion makes it unnecessary to discuss the defendants' exception to the denial of their motion for a directed verdict.

*Louis Karp & Arthur L. Murray*, for the plaintiff, submitted a brief.
*Andrew B. Goodspeed* (*Frank P. Hurley* with him) for the defendants.