[Civ. No. 21227. First Dist., Div. One. Sept. 2, 1964.]

HENRY SPEECE, as Special Administrator, etc., Plaintiff and Appellant, v. ERMA MAE BROWNE et al., Defendants and Respondents.

Morgan & Moscone, Charles O. Morgan, Jr., and Herman D. Papa for Plaintiff and Appellant.

Ropers, Majeski & Phelps and Cyril Viadro for Defendants and Respondents.

MOLINARI, J.—In this action for personal injuries allegedly sustained by plaintiff as a result of a fall while in the home of defendants, plaintiff appeals from the judgment entered after a jury verdict in favor of defendants and from the order of the court denying her motion for judgment notwithstanding the verdict.[1]

## Question Presented

The sole question is whether there is evidence from which the jury could have found plaintiff to be an invitee.

## The Record

Plaintiff, Kathryn Speece, (hereinafter referred to as plaintiff), now deceased,[2] was the mother of defendant Erma Mae Browne and the mother-in-law of defendant James Browne (hereinafter referred to as defendants). On Sunday, September 13, 1959, she arrived at defendants' home to cook dinner for them so that they could attend an afternoon baseball game. Plaintiff testified that she visited defendants an "awful lot on Sundays"; "But this Sunday I cooked dinner for them. That's the reason I came over. . . . So they could go to the ball game. . . ." It was a family custom for plaintiff and defendants to have Sunday dinner together at defendants' house, and it was not "unusual" for plaintiff to cook the dinner.

During the afternoon of the day preceding plaintiff's fall, defendant James Browne had waxed both bedrooms located in the upstairs portion of the house. After applying the wax, he used an electric drill with a sheepskin buffer on it in order to polish the floors. Upon completing the polishing, Mr. Browne requested his wife to inspect his work, at which time

---

[1]The record does not indicate a formal order of the court denying the motion for judgment notwithstanding the verdict, but since the motion was not acted upon within the statutory period of time it was denied by operation of law. An alternative motion for a new trial was filed concurrently with the motion for judgment nothwithstanding the verdict, and this motion was also denied by operation of law. Plaintiff does not appeal from the denial of the motion for new trial. An appeal from an order denying a judgment notwithstanding the verdict is an appealable order. (Code Civ. Proc., § 963; *Taylor* v. *Hawkinson,* 47 Cal.2d 893, 895 [306 P.2d 797].)

[2]Mrs. Speece died shortly before the trial and her husband (as special administrator of her estate) was substituted in her place in an attempt to recover the medical, hospital and nursing expenses which were incurred as a result of her fall. Since plaintiff was not able to testify her deposition was read into the record.

she informed him that the floor was too slippery. Mrs. Browne testified that when she stepped on the floor she slipped but did not fall, and at that time she told her husband that the floor was too slippery and that it was too dangerous. The slippery condition was not corrected until after plaintiff's fall.

On the day of the accident plaintiff was driven to the house by Mr. Browne. Defendants did not inform plaintiff that the floors had been waxed the day before, nor were there any signs showing that the floors had been waxed. After defendants had departed for the baseball game, plaintiff went upstairs, for the first time on that day, to hang up some clothing. Upon entering a back bedroom, which was one of the rooms that had been waxed the previous day, she slipped and fell. As a consequence of the fall, plaintiff sustained a fractured left hip from which she never recovered.

After the trial, and prior to submitting the case to the jury, plaintiff made a motion for a directed verdict, which motion was denied. The trial court refused to give plaintiff's proffered instructions that she was an invitee and defining the landowner's duty to an invitee, but instructed on the duties of a landowner toward a licensee. The jury returned a verdict for defendants.

## Applicable Law

The principal issue presented here is whether plaintiff was an invitee or a licensee. It is clear that the trial court concluded as a matter of law that plaintiff was not an invitee. Plaintiff claims that this was error.[3] It is plaintiff's contention that the evidence established as a matter of law that she was an invitee, but that in any event, it was a question for the jury whether she was an invitee or licensee.

Whether one is a licensee or an invitee is ordinarily a question of fact. (*Bylling* v. *Edwards,* 193 Cal.App.2d 736, 739 [14 Cal.Rptr. 760]; *Cain* v. *Friend,* 171 Cal.App.2d 806, 808 [341 P.2d 753].) Accordingly, the issue before us is whether there is evidence from which the jury could have found plaintiff to be an invitee. We have concluded that the evidence would support such a finding.

"It is the purpose for which a person is upon the premises of another which renders him an invitee rather than a licensee." (*Popejoy* v. *Hannon,* 37 Cal.2d 159, 169 [231 P.2d 484]; *Bylling* v. *Edwards, supra,* at p. 740; *Cain* v. *Friend,*

---

[3]No other claim of error is made by plaintiff.

*supra*, at p. 808.) ''As a general rule, if that purpose is one of common interest or mutual advantage the person is considered an invitee while a licensee is inferred where the object is the mere pleasure or benefit of the visitor.'' (*Ashley* v. *Jones*, 126 Cal.App.2d 328, 332 [271 P.2d 918]; *Smith* v. *Kern County Land Co.*, 51 Cal.2d 205, 208 [331 P.2d 645]; *Bylling* v. *Edwards, supra*, at pp. 739-740.) It is also established that the gratuitous nature of the services does not militate against the performer's status as an invitee if the services are for the benefit of the occupant of the premises. (*Cain* v. *Friend, supra*, at p. 809; *Fernquist* v. *San Francisco Presbytery*, 152 Cal.App.2d 405, 409 [313 P.2d 192].) Even where the benefit to the occupant is intangible the one rendering services may rely upon them to establish his status as an invitee. (*Edwards* v. *Hollywood Canteen*, 27 Cal.2d 802, 809 [167 P.2d 729]; *Cain* v. *Friend, supra*, at p. 809.)

The ''common interest or mutual advantage'' required to make one an invitee was found in the following cases. In *Laidlaw* v. *Perozzi*, 130 Cal.App.2d 169 [278 P.2d 523], the plaintiff was a cohostess at a party which she and the defendant were giving at the latter's home to which each had invited her friends and of which they shared the cost. In *Cain*, the plaintiff carpenter went to the defendants' home in their absence, but at their invitation, for the specific purpose of performing gratuitous construction work on a room the defendants were building. Similarly, in *Fernquist*, a churchmember carpenter who was requested to contribute his labor to the construction of a church building was held to be an invitee. And in *Edwards*, the plaintiff went upon the defendant's premises as a volunteer hostess to provide entertainment for members of the armed forces.

In the following cases the plaintiff's status as a licensee was predicated upon her being on the premises primarily for her own pleasure or social benefit. In *Ashley*, the plaintiff was injured as a result of slipping on a rug in the defendants' home where she and her husband were guests. There the only claimed mutual interest was discussion of church activity. However, this matter had been thoroughly discussed and the plaintiff and her husband remained over another night for the express purpose of a social gathering with old friends. The accident occurred while the plaintiff was hurrying to make herself ready to receive the guests who were momentarily expected. In *Free* v. *Furr*, 140 Cal.App.2d 378 [295 P.2d

134], the plaintiff, comanager of a laundry and dry cleaning establishment, went to the defendants' home for the purpose of bringing a cake, as a present, to the defendant wife who was one of her customers. While on the premises she fell and sustained injuries. The reviewing court held that she was a mere gratuitous licensee whose visit was a social one, even though, as the plaintiff started to leave for home, the defendant wife asked her to send her driver for some laundry on the following day. In *Bylling,* the plaintiff and her husband, close friends of the defendants, were invited to the latter's home for a reception and a family dinner. The plaintiff, entirely unsolicited, helped the defendants' daughter clear the table, then took cookies and coffee into the dining area where the defendants served their guests. When more plates were needed the plaintiff volunteered to go to the garage where they were kept, and, while there, slipped and fell, sustaining injuries. The reviewing court, noting that the activities were similar to those in *Ashley,* held that the plaintiff was a gratuitous licensee.

The rationale of *Laidlaw, Edwards, Cain* and *Fernquist* is that the plaintiff was on the premises with the express or implied invitation and for the *sole benefit of the defendant occupier, or for their mutual benefit.* The gist of the holdings in these cases is that the defendant received a *benefit* from the presence of the plaintiff consisting of something more than the intangible benefit conferred by social visitors. The holding of *Cain,* in particular, is that if a person is expressly or impliedly invited to visit an owner's premises *to perform services beneficial to such owner* that person is an invitee and not a licensee.

The essence of the holding in *Ashley, Free* and *Bylling* is that where the object of the visit is the *mere pleasure or benefit of the visitor,* the person invited is a licensee. In *Ashley,* the reviewing court, while recognizing that the courts of this state had not definitely decided "how much of a mutual interest and benefit, aside from mere social interest and pleasure, is required to give a status of invitee to a guest in a home," was satisfied that a guest who is invited to come on the premises of his host " 'for social or benevolent purposes' " is a licensee and not an invitee. (Pp. 332, 333.) Accordingly, the court was of the opinion that mutual interest in church, lodge, or political activity, without personal gain or benefit, creates, as between the guest and his host, the relation of licensee and licensor because such activity is ordinarily considered a part

of common social life. In *Free,* the nub of the holding is that the *purpose* of the visit was purely social and the talk about dry cleaning was merely an afterthought and an accommodation to the defendant wife. The thrust of the holding in *Bylling* is that where the purpose of the visit is social the guest nevertheless remains a licensee even though he performs minor services as an accommodation to the host and incidental to the social purpose of the visit, notwithstanding that such incidental activities are of an economic benefit to the host. In reaching this conclusion the appellate court laid particular stress upon the circumstance that the plaintiff's assistance to her hostess *was not intended or planned in advance.*

Two cases from other jurisdictions are of interest and the rule declared therein persuasive. In *Pandiscio* v. *Bowen,* 342 Mass. 435 [173 N.E.2d 634], it was held, as a matter of law, that the plaintiff was a licensee in her mother's house even though she had gone there at her mother's request for the specific purpose of helping her to put up some curtains. In that case the court propounded the following rule: ''[A] member of a family or household group or group of acquaintances rendering friendly help in household routine or commonplace tasks to another member of the group does not cease to be a licensee or social visitor unless the character or circumstances of the assistance make it clearly the dominant aspect of the relationship rather than a routine incident of social or group activities.'' (P. 636.) In the case of *Spring* v. *Burke* (Mass.) 194 N.E.2d 626, the plaintiff visited the home of her daughter and son-in-law for the purpose of ''baby-sitting'' and sustained injuries while on the premises. She appealed from a verdict for the defendants on the ground that the trial court had instructed the jury that to attain the status of invitee she had the burden of showing that she was on the premises as a business or commercial guest. In affirming the lower court, the reviewing court held that the jury was properly instructed and that the following instruction stated the correct applicable principle of law, to wit ''[T]he test was whether the plaintiff was on the defendants' premises for the 'purpose of conferring a benefit, not necessarily pecuniary,' and that the benefit must 'not comprise those intangible advantages arising from mere social intercourse.' '' (P. 627 [194 N.E.2d].)

The rule to be distilled from the foregoing cases turns essentially upon the *purpose* for which a person is upon the premises of another. Accordingly, the criterion in each in-

494

stance is the reason for the visit. If the *objective* of the visit is to perform services beneficial to the host or mutually beneficial the guest is an invitee. If the purpose of the visit is purely social or for the pleasure or benefit of the guest he is a licensee, notwithstanding that while he is on the premises he performs minor services as an accommodation to the host and incidental to the social purpose of the visit.

 We apprehend that a situation can arise where although the original purpose of the visit was purely social the guest, while on the premises, may be invited or requested to perform services of a substantial nature for the benefit of the host not incidental to the social purpose of the visit. In such a case the original purpose of the visit would be transmuted from that of a purely social nature to one beneficial to the host. Accordingly, in ascertaining the purpose for which a person is upon the premises of another we must look to whether the character or circumstances of the assistance or services rendered make it the *dominant* aspect of the relationship between the guest and host. It is apparent, therefore, that in most instances the determination is one of fact. Accordingly, unless the court is justified in determining that the only inference that can be drawn from the evidence or the uncontradicted facts is that the purpose of the visit was purely social or for the benefit or pleasure of the visitor, and that the services rendered, if any, were incidental to such purpose, the question whether the person is a licensee or an invitee should be left to the trier of the facts under the well-established principle that whenever there is room for an honest difference of opinion between men of average intelligence the question to be determined is one of fact rather than one of law. (*Miller* v. *Western Pac. R.R. Co.*, 207 Cal.App.2d 581, 592 [24 Cal.Rptr. 785].)

 Turning to the case at bench in the light of the foregoing principles, we hold that it cannot be said as a matter of law that plaintiff was a licensee. There is no doubt that she conferred beneficial services to defendants in cooking their dinner so that they could attend the baseball game. There is evidence from which the jury could infer that plaintiff was expressly invited for this purpose on this particular Sunday, although there was also evidence that plaintiff visited defendants on Sundays for a purely social purpose and that, while there, she assisted in the preparation of dinner. Whether the dominant purpose of the visit was the preparation of the dinner or whether it was purely a social visit with the prep-

aration of the meal an incident thereto, consistent with the customary Sunday social intercourse between the parties, were questions, under the circumstances, for the jury. Accordingly, the trial court should have given instructions to the jury that it was to determine whether plaintiff was a licensee or invitee and the duties attendant each of such relationships.

The holdings in the following cases from other jurisdictions cited by defendants, to wit: *Cosgrave* v. *Malstrom*, 127 N.J.L. 505 [23 A.2d 288]; *Laube* v. *Stevenson*, 137 Conn. 469 [78 A.2d 693, 25 A.L.R.2d 592]; *Ciaglo* v. *Ciaglo*, 20 Ill.App.2d 360 [156 N.E.2d 376]; *O'Brien* v. *Shea*, 326 Mass. 681 [96 N.E.2d 163]; *Pearlstein* v. *Leeds*, 52 N.J.Super. 450 [145 A.2d 650]; *Wilder* v. *Ayers*, 2 App.Div.2d 354 [156 N.Y.S.2d 85], affd. 3 N.Y.2d 725 [163 N.Y.S.2d 966, 143 N.E.2d 514]; *Murrell* v. *Handley*, 245 N.C. 559 [96 S.E.2d 717]; *McHenry* v. *Howells*, 201 Ore. 697 [272 P.2d 210], although factually distinguishable from the present case, are not inconsistent with the conclusions herein reached. In each the presence of the guest was the result of a purely social invitation and the services rendered the host were of a minor nature and incidental to the social purpose of the visit.

The cases of *Wilson* v. *Bogert*, 81 Idaho 535 [347 P.2d 341]; *Porter* v. *Ferguson*, 53 Wn.2d 693 [336 P.2d 133]; and *Lucas* v. *Barner*, 56 Wn.2d 136 [351 P.2d 492], are not in point because in those jurisdictions the question of status is largely dependent upon whether compensation is received. This rule, as we have already indicated, is not the law in California.

While plaintiff was entitled to have the jury instructed as we have indicated, she was not, however, entitled to a judgment notwithstanding the verdict inasmuch as the jury did not deliberate upon the facts in the light of proper instructions delineating the nature and duties of an owner of premises towards licensees and invitees. Accordingly, the motion for a judgment notwithstanding the verdict was properly denied.

The order denying the motion for judgment notwithstanding the verdict is affirmed. The judgment is reversed. Plaintiff shall have costs on appeal.

Bray, P. J., and Sullivan, J., concurred.